IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02553-REB-MJW

SHAMROCK FOODS COMPANY, an Arizona corporation,

    Plaintiff,

vs.

PORTO FINO LLC., a Washington limited liability company;
GEORGE KYRIAKOU, a Washington resident; and
ARGYRIOS DANAKOS, a Washington resident,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that confidentiality is afforded only to material so entitled, it is hereby ORDERED:

1.     <u>Non-Disclosure of Confidential Documents and Information</u>. Except with the prior written consent of the producing party or other producing person originally designating a document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," no such document or information may be used for any purpose other than the conduct of this case or disclosed to any person except as provided herein.

2. "Protected Material." As used in this order "Protected Material" means documents and/or information designated under this Order as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL –ATTORNEYS EYES' ONLY"," as defined below.

3. "Document." For purposes of this Order, the term "document" means all written, recorded, or graphic material, including emails, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs may be accorded the same protection as a document designated confidential or highly confidential – attorneys' eyes only, but shall be prepared in such a manner that the protected information is prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. Confidential Material Entitled to Protection. A party or other person shall designate for "CONFIDENTIAL" treatment only documents, items or information that the party believes in good faith contains personal or commercial material that is unavailable to the public and not readily available from other sources, and is treated by that party or person as confidential and not disclosed to others, the disclosure of which could reasonably result in detriment to the designating party or person or the subject of the information disclosed.

5. Highly Confidential Material Entitled to Protection. A party or other person shall designate for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment only documents, items or information that the party believes in good faith contains

material constituting a trade secret, or confidential research, development, personal or commercial information, the disclosure of which is reasonably likely to result in detriment to the designating party or person or the subject of the information disclosed. In the event that information designated as "CONFIDENTIAL" is later desired by a party to come within the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" category, that party may so designate the information by notice to all parties.

6. <u>Permissible Use and Disclosures</u>. All documents, material and information produced in this case may be used and disclosed only in connection with this case.

a. Subject to the provisions of subparagraph (b) and (c), "CONFIDENTIAL" documents and information may be used only in connection with this case and may be disclosed only to:

(i) outside counsel for the parties who are actively engaged in the conduct of this case; the partners, associates, secretaries, legal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services; and officials of the Court (including court reporters or persons operating video recording equipment at depositions);

(ii) current officers and employees of the named parties; provided, that such "CONFIDENTIAL" information will only be disclosed to those officers or employees that need to know the information for

purposes of prosecuting or defending this litigation and for no other purposes;

(iii) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(iv) witnesses who either authored or were sent the "CONFIDENTIAL" information contained in such documents, as evidenced on the face of the document;

(v) Any person that the parties agree to in writing prior to any disclosure of the Protected Material to that person; and

(vi) Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign the form of Acknowledgement attached hereto as Exhibit A. A copy of that Acknowledgement and a current CV of the independent expert must be provided to the other party at least ten (10) calendar days before access is allowed to the Protected Material. During that time, the other party may object to the disclosure of any Protected Material to such expert. Any such objection shall be made in good faith. If there is an objection, and the parties are unable to resolve the issue, the other party may, within seven (7) calendar days after making the objection, move the Court for an

Order preventing any such disclosure. If an objection is made, no disclosure of Protected Material shall be made to the independent expert until after the Court decides the issue, it is resolved by agreement of the parties, or the designating party fails to move the Court for an Order preventing the disclosure within the prescribed time period.

b.  Subject to the provisions of subparagraph (c), "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information may be used only in connection with this case and may be disclosed only to the following and only to the extent reasonably necessary to the conduct of this case:

(i)  outside counsel for the parties who are actively engaged in the conduct of this case; the partners, associates, secretaries, legal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services; and officials of the Court (including court reporters or persons operating video recording equipment at depositions);

(ii)  any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(iii)  witnesses who either authored or were sent the highly confidential information contained in such documents, as evidenced on the face of the document;

(iv)  Subject to the limitations and requirements of paragraph 6(a)(vi) above, any person who is not an employee or business consultant

of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order; and

(v) Any person that the parties agree to in writing prior to any disclosure of the Protected Material to that person.

c. Before disclosure of any Protected Material is made to any person described in subparagraph 6(a)(ii), (iii) or (vi), or 6(b)(ii) or (iv), such person shall sign the Agreement attached hereto as Exhibit A to confirm:

(i) that the signatory has read, understands, and will abide by the terms of this Order;

(ii) that the signatory will not disclose the Protected Material to any person not authorized by this Order to receive disclosure or use the Protected Material for any purpose other than the conduct of this case; and

(iii) that the signatory understands that unauthorized disclosure of the Protected Material may constitute contempt of court.

d. The Acknowledgments of persons described in subparagraph 6(a)(ii) shall be deemed work product, and the party who obtains them shall retain them during the course of this case, provided, however, that such Acknowledgements shall be subject to production in any action or proceeding to enforce the terms of this Order or to punish any violation of this Order.

7.  <u>Disclosure of Protected Material by Designating Party</u>.  Nothing in this Order shall prevent or otherwise restrict a party from disclosing its Protected Material to any person.

8.  <u>Declassification</u>.  A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation.  Any challenge to a designation shall be initiated by the transmittal of a letter by the counsel for the objecting party to counsel for the party or person making the designation.  If the challenged material is not declassified or reclassified in writing within 10 days thereafter, counsel for the party objecting to the designation may apply to the Court for a ruling that the material (or category of material) designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not entitled to such status and protection.  The party or other person that designated the material as protected shall be given notice of the application and an opportunity to respond.  The party or other person that designated the material as protected shall bear the burden of proving that the designation is appropriate.

9.  <u>Confidential and Highly Confidential – Attorneys' Eyes Only Material in Depositions</u>.

   a.  A deponent may during the deposition be shown, and examined about, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" documents if they are permitted to see the document as specified in paragraph 6 above.  A deponent who is not a party or a representative of a party

shall be furnished a copy of this Order before being examined about Protected Material.

b.  Parties and deponents may, within 20 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent they contain material entitled to such protection. Such protected information within the deposition transcript may be designated only by underlining the portions of the pages that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and marking such pages with the appropriate legend. Until the expiration of the 20-day period during which designations may be made, the entire deposition will be treated as subject to protection as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" under this Order. If "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material entitled to protection is included in answers to interrogatories, such interrogatory answers shall be marked with the appropriate legend and separately bound.

10.  Failure to Designate. In the event previously disclosed information is later desired by a producing party to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party may so designate the information by providing written notice to all parties. Upon receipt of such notice, and upon receipt of properly marked documents, the receiving party or parties shall obtain all copies of the documents, things, information, responses and testimony from the

individuals who do not qualify to have access to the information (as re-designated), shall attempt as necessary to have such individuals execute the Acknowledgment attached hereto as Exhibit A, must treat such information as re-designated by the producing party, and shall undertake a best effort to correct any disclosure of such information contrary to the re-designation. However, no receiving party shall be responsible to a producing party for any use made, prior to receiving such notice, of such information contrary to the re-designation. The receiving party may not argue waiver of the protection afforded by the re-designation merely by virtue of such later designation even if disclosures contrary to such designation have occurred in the interim. No party shall be responsible to another party for any use made of information produced and not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the information is disclosed by the party in accordance with this Order before the time the same is designated, except that information first divulged in a deposition shall not be divulged before the expiration of the twenty (20) day period of paragraph 8, *supra*.

11. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information at Trial. Subject to the Federal Rules of Evidence and such additional protections as the Court may by order impose, Protected Material may be offered in evidence at any hearing or trial in this case. Any party or person may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

12. <u>Filing Protected Material With the Court.</u> Consistent with D.C.Colo.LCivR 7.2 & 7.3, all discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, that comprise or contain Protected Material shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> "This envelope (container) contains documents (objects) subject to the Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court."

No such sealed envelope or container shall be opened except upon further order of the Court granted pursuant to motion made upon ten (10) business days written notice to counsel of record for all named parties and to counsel for the designating party. Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access. The Clerk of this Court is directed to maintain under seal all documents, objects, and transcripts of deposition testimony filed in Court in this litigation which have been designated, in whole or in part, as protected material by a party to this action.

13. <u>Client Consultation.</u> Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Protected Material; provided, however, that in rendering

such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of the information so designated except as otherwise provided in paragraph 8, *supra*.

14. <u>Further Requests for Production</u>. If, at any time, any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information in the possession, custody or control of any person other than the person who originally produced such protected material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the party to whom the subpoena or request is directed shall immediately provide written notice to the person who originally produced such Protected Material, and the party to whom the subpoena or request is directed shall not take an adverse position to the party or parties opposing the request for production of such material.

15. <u>Termination</u>. The provisions of this Order shall continue to be binding after final termination of this case. Within 90 days after final conclusion of all aspects of this case, any party or person who received documents designated for protected treatment must return or certify in writing that he/she has destroyed (other than exhibits filed with the Court) those documents and the portions of all other material containing such protected information; provided, however, that outside counsel for the parties may retain their pleading files and transcripts (including exhibits used in the transcribed deposition or court proceeding).

16. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order.

17. <u>Additional Parties</u>. The terms of this Order shall be binding upon all current and future parties to this action and their counsel.

18. <u>Non-Parties</u>. Any third party producing documents in this case may avail themselves of the protected treatment provided for in this Order for their documents or information by following the procedures provided herein.

19. <u>Additional Disclosure</u>. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Protected Material consents, in writing, to such disclosure, withdraws the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, or if the Court, after notice to all parties, orders such disclosure.

BY THE COURT:

*[signature]* 2-11-09

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED AS TO FORM AND CONTENT:

s/Lee F. Johnston
Lee F. Johnston
Conor F. Farley
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
ljohnston@hollandhart.com
cfarley@hollandhart.com

**ATTORNEYS FOR PLAINTIFF SHAMROCK FOODS COMPANY**

s/Harry B. Platis
Harry B. Platis
Dennis Wade
Platis Law Firm
20016 Cedar Valley Rd. Ste. 103
Lynnwood, WA 98036-6332
Phone: (425) 776-3888
Fax: (425) 775-9761
hplatis@platislaw.com

**ATTORNEY FOR DEFENDANTS PORTO FINO LLC AND ARGYRIOS DANAKOS**

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS PRODUCED IN *SHAMROCK FOODS CO. v. PORTO FINO LLC, ET AL.,* CASE NO. 08-cv-02553-REB-MJW

I understand that certain documents and information produced during discovery in this case have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and are subject to a Stipulated Protective Order. In the event that such Protected Materials are made available to me so that I can discharge essential functions, I hereby certify as follows:

1. I have read the Stipulated Protective Order. I understand the Order and will abide by its terms.

2. I will not disclose any Protected Material to any person not authorized by the Order to receive disclosure nor will I use or disclose any Protected Material for any use other than the conduct of this case.

3. I understand that the unauthorized disclosure of Protected Material may constitute contempt of court.

4. I agree that the United States District Court for the District of Colorado has jurisdiction to enforce the terms of the Order, and I consent to the personal jurisdiction in that Court for purposes of enforcement of the Order.

Signature: _____

Printed Name: _____

Date: _____

4002483_2.DOC