IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02553-REB-MJW

SHAMROCK FOODS COMPANY, an Arizona corporation,

    Plaintiff,

vs.

PORTO FINO LLC., a Washington limited liability company;
GEORGE KYRIAKOU, a Washington resident; and
ARGYRIOS DANAKOS, a Washington resident,

    Defendants.

## CONSENT TO JUDGMENT AND PERMANENT INJUNCTION

Whereas the Complaint in the above-captioned action was filed on November 21, 2008, and Defendants Porto Fino, LLC, George Kyriakou, and Argyrios Danakos were properly served with the Summons and Complaint.

Now, therefore, the parties having agreed that the Court may find:

1. that this action for civil contempt and breach of contract arises under (a) this Court's January 8, 2007, Consent Judgment and Permanent Injunction, entered in the case styled *Shamrock Foods Company v. Italco Food Products, Inc. and Nate Ver Burg d/b/a Portofino Foods*, Civil Action No. 06-cv-01667-REB-MJW (D. Colo.) ("2007 Consent Judgment"); and (b) the Settlement Agreement attached hereto as Exhibit A entered into between Shamrock Foods Company ("Shamrock") and Defendants in which Defendants agreed to comply with the 2007 Consent Judgment ("Settlement Agreement");

2. that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1332 (diversity jurisdiction) and § 1338 (trademark and unfair competition),

3. that this Court has personal jurisdiction over each of the Defendants and Shamrock, and that each of the Defendants acknowledges the jurisdiction of this Court to enter and enforce this Consent Judgment and Order of Permanent Injunction and that;

4. that Shamrock is the owner of Trademark Registration Nos. 2,229,165, 2,305,634, 3,237,992, 3,154,926 issued by the U.S. Patent and Trademark Office for the TRIFOGLIO mark used in connection with certain processed foods, pasta, pizza, tomato sauces and olive oil;

5. that the TRIFOGLIO mark is presumptively valid and enforceable, and that Defendants do not have, and do not claim, any priority of use in the TRIFOGLIO mark;

6. that as an express condition of Shamrock's agreement to this Consent Judgment, Defendants have expressly waived any challenge whatsoever and do affirmatively consent (a) to this Court's subject matter jurisdiction; (b) to this Court's personal jurisdiction over Defendants; (c) to the sufficiency of service in this case; and (d) to the validity and enforceability of the liquidated damages clauses in the 2007 Consent Judgment and in this Consent Judgment.

The Court having approved and adopted the foregoing findings, and the parties having further agreed that the Court may enter judgment on the foregoing findings, it is, therefore,

ORDERED, ADJUDGED, AND DECREED as follows:

1. George Kyriakou, Argyrios Danakos, and Porto Fino LLC (including each of their respective owners, officers, directors, members, agents, servants, and employees, and any business or entity owned or controlled by any Defendant), and all others aiding, abetting, or acting in concert with any Defendant, are permanently enjoined from selling, distributing, marketing, advertising, or promoting any goods or services under any mark or trade name containing the words TRIFOGLIO, or any other mark confusingly similar thereto.

2. George Kyriakou, Argyrios Danakos, and Porto Fino LLC further agree that in the event that any term of this injunction is violated, they shall be each severally liable as follows:

    a. <u>Liquidated Damages for Loss of Reputation</u>. In light of the difficulty of calculating damages arising from harm to reputation, George Kyriakou, Argyrios Danakos, and Porto Fino LLC shall be each severally liable for liquidated damages consisting of the GREATER of $25,000 or $1000 per each individual piece of infringing product packaging shipped, distributed and/or sold by one or more of Defendants, which represents damages to Shamrock's reputation and lost profit damages (i.e., Shamrock may also prove and recover other categories of damages in addition to the liquidated damages for reputation/lost profits including, but not limited to, statutory damages and/or actual damages for claims arising from, among others, violations of the Lanham Act, any state's statutory consumer protection and unfair competition laws, and any other common law, statutory or administrative claim of any kind). Based on their waiver

and consent described above, George Kyriakou, Argyrios Danakos, and Porto Fino LLC are hereby permanently enjoined from challenging the validity and/or enforceability of this liquidated damages clause.

    b. <u>Right to Waive Liquidated Damages</u>.  Shamrock shall have the right to waive its liquidated damages-related rights regarding reputation and lost profit damages and instead prove and recover its actual damages in relation to those damages as well as any other category or type of damages (as well as any other legally-cognizable damages it suffers).

    c. <u>Notice and right to cure</u>.  Shamrock shall provide George Kyriakou, Argyrios Danakos, and Porto Fino LLC and their counsel (Harry Platis) with written notice specifying any violation of this Order.  George Kyriakou, Argyrios Danakos, and Porto Fino LLC shall have ten (10) calendar days after the date of the notice to cure any alleged violation, and notify Shamrock and its counsel in writing the steps they have taken to cure such alleged violation.  If any alleged violation is not cured within said ten-day period (as determined by Shamrock in its sole discretion), Shamrock may seek relief from the Court as described herein.

  2. George Kyriakou, Argyrios Danakos, and Porto Fino LLC shall each cooperate in Shamrock's investigation of illegal use of its TRIFOGLIO mark.  Such cooperation shall include, but is not limited to: (a) providing Shamrock documents it may request; (b) answering – under oath if Shamrock deems it necessary – questions regarding the source and/or use, sale or distribution by persons of containers or product packaging which infringe on Shamrock's TRIFOGLIO mark; and (c) authenticating

documents for use in a legal or administrative proceeding by Shamrock against third parties.

3.  George Kyriakou, Argyrios Danakos, and Porto Fino LLC each shall advise and notify each and every employee, agent, contractor, affiliate and other person acting on the behalf of one or more of them of the terms and conditions of this Consent Judgment and Permanent Injunction.

4.  Shamrock shall be awarded its attorney fees, expenses, and costs (including costs of appeals) incurred in enforcing this consent judgment and permanent injunction.

5.  All remaining claims and prayers for relief in this action against George Kyriakou, Argyrios Danakos, Porto Fino LLC, and Shamrock are dismissed with prejudice, with each party bearing their own attorney fees and costs incurred as of the date of this Consent Judgment and Permanent Injunction. This Court shall retain jurisdiction in this matter only for the purposes of enforcing this Consent Judgment and Permanent Injunction.

6.  Judgment shall now enter accordingly.

Entered March 3, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

AGREED TO:

PORTO FINO LLC

*s/ Argyrios Danakos*
By: Argyrios Danakos
Its: Owner and Sole Member
Date: February 19, 2009


ARGYRIOS DANAKOS, an Individual

*s/ Argyrios Danakos*


George Kyriakou, an Individual

*s/ George Kyriakou*


APPROVED AS TO FORM AND CONTENT:

| s/ *Lee F. Johnston* | s/ *Harry B. Platis* |
|---|---|
| Lee F. Johnston | Harry B. Platis |
| Conor F. Farley | Dennis Wade |
| HOLLAND & HART LLP | PLATIS LAW FIRM |
| 555 Seventeenth Street, Suite 3200 | 20016 Cedar Valley Rd. Ste. 103 |
| Denver, CO  80202 | Lynnwood, WA  98036-6332 |
| Phone: (303) 295-8000 | Phone: (425) 776-3888 |
| Fax: (303) 295-8261 | Fax: (425) 775-9761 |
| ljohnston@hollandhart.com | hplatis@platislaw.com |
| cfarley@hollandhart.com | |
| **ATTORNEYS FOR PLAINTIFF SHAMROCK FOODS COMPANY** | **ATTORNEYS FOR DEFENDANTS PORTO FINO LLC, ARGYRIOS DANAKOS, and GEORGE KYRIAKOU** |

4452209_4.DOC